IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WILFREDO ORTIZ-MIRANDA, Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant. | CIVIL NO.: 23-1153 (MEL) |

**OPINION AND ORDER**

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

Pending before the court is Mr. Wilfredo Ortiz-Miranda's ("Plaintiff" or "Ortiz-Miranda") complaint challenging the decision of the Commissioner of Social Security (the "Commissioner") denying his application for disability benefits under the Social Security Act. ECF No. 3. On February 21, 2011, Plaintiff filed an application for Social Security benefits, alleging that he initially became unable to work due to disability on September 4, 2009 (the "onset date"). Tr. 21. Prior to the onset date, Plaintiff's past relevant work was as a merchandiser displayer. Tr. 39.

On April 12, 2011, the Commissioner made an initial determination that Plaintiff was disabled as of the onset date. Tr. 21. Nevertheless, subsequently, Dr. Wildo Vargas and Mr. Samuel Torres Crespo were convicted of making false statements to the Social Security Administration ("SSA"). *See* 13-538 (FAB); 13-539 (FAB); ECF No. 12-5, at 1. Dr. José R. Hernández González, in turn, was convicted of conspiring to make false statements or representations to the SSA. *See* ECF No. 13-781 (FAB); ECF No. 12-5, at 1. Consequently, SSA began a redetermination of Ortiz-Miranda's entitlement on the basis that it had reason to believe

that fraud or similar fault was involved in his application for benefits. *Id.* The Administrative Law Judge ("ALJ") provided Ortiz-Miranda with a hearing in which the evidence from Dr. Hernández González and Mr. Torres Crespo was disregarded, but did not offer Ortiz-Miranda the opportunity to contest the decision to exclude such evidence. *Id.* at 2. The hearing resulted in the ALJ concluding that Ortiz-Miranda was not disabled during the period on or before April 12, 2011.

On October 31, 2017, the Appeals Council denied the request for review, prompting Ortiz-Miranda to file a complaint before the United States District Court for the District of Puerto Rico. Tr. 21, 806; ECF No. 1 in *Wilfredo Ortiz-Miranda v. Commissioner of Social Security*, 18-1025 (SCC). In said case, the Commissioner moved for reversal of the Commissioner's final decision denying Plaintiff's claim of entitlement because Plaintiff was not offered the opportunity to rebut the exclusion of the evidence at his hearing before the ALJ. ECF No. 19, at 3 in case 18-1025 (SCC). On February 27, 2020, the court granted the Commissioner's request, and remanded the case to the Commissioner for further proceedings. ECF Nos. 20, 21 in case 18-1025 (SCC). Accordingly, on August 2, 2021, the Appeals Council vacated the decision of the Commissioner and remanded the case to the ALJ to "[d]etermine whether there is a reason to believe that the provision of evidence in support of the beneficiary's application involved fraud or similar fault." ECF No. 12-5, at 2; Tr. 21, 827–28. The Appeals Council further ordered as follows: "If the Administrative Law Judge determines that there is reason to believe that the provision of evidence in support of the beneficiary's application involved fraud or similar fault, the Administrative Law Judge will offer the beneficiary an opportunity for a hearing where the beneficiary will have the opportunity to rebut the exclusion of evidence in her/his case." ECF No. 12-5, at 2.

Pursuant to the directives previously mentioned, the ALJ then held a telephonic hearing on March 21, 2022 due to the COVID-19 pandemic, and issued a decision on April 15, 2022, concluding that Plaintiff was not disabled. Tr. 21–23, 41–42. Subsequently, Plaintiff requested review of the ALJ's decision; however, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner subject to judicial review. Tr. 1, 1222–223. Plaintiff then sought judicial review on March 30, 2023. ECF No. 3. Both parties have filed supporting memoranda. ECF Nos. 13, 16.

**II.   LEGAL STANDARD**

**A. Standard of Review**

Once the Commissioner has rendered a final determination on an application for disability benefits, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing [that decision], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether the ALJ employed the proper legal standards and whether her factual findings were founded upon sufficient evidence. Specifically, the court "must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error." *López-Vargas v. Comm'r of Soc. Sec.*, 518 F. Supp. 2d 333, 335 (D.P.R. 2007) (citing *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The standard requires "'more than a mere

scintilla of evidence but may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's findings of fact are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing *Da Rosa v. Sec'y of Health & Human Servs.*, 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); *Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)). Moreover, a determination of substantiality must be made based on the record as a whole. *See Ortiz*, 955 F.2d at 769 (citing *Rodríguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." *Id*. Therefore, the court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." *Rodríguez Pagán v. Sec'y of Health & Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

**B. Disability under the Social Security Act**

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; *Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003); *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999); *Yuckert*, 482 U.S. at 140–42. If it is conclusively determined that plaintiff is or is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). However, if the ALJ cannot conclusively determine whether a plaintiff is or is not disabled at a given step, then the analysis will proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step one, it is determined whether plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If he does, then the ALJ determines at step three whether plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then plaintiff is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether plaintiff's impairment or impairments prevent him from doing the type of work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv).

In assessing an individual's impairments, the ALJ considers all the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by his mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functioning capacity ("RFC"). *Id*. If the ALJ concludes that plaintiff's impairment or impairments do prevent him from performing her past relevant work, the analysis proceeds to step five. At this final step, the ALJ evaluates whether

plaintiff's RFC, combined with his age, education, and work experience, allows him to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines that there is work in the national economy that plaintiff can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g).

### III.   THE ALJ'S DECISION

In the ALJ's decision dated April 15, 2022, the ALJ found that Plaintiff had met the insured status requirements of the Social Security Act through April 12, 2011, the date of the prior award. Tr. 26, 42. At step one of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the onset date of September 4, 2009, through the date of the prior award. Tr. 26. At step two, the ALJ determined that Plaintiff had the following severe impairments:

> left shoulder sprain, mild tendinopathy of the supraspinatus tendon of the left shoulder, and left shoulder degenerative joint disease; sclerosis of bone on the left facets at L5-S1, and mild spondylosis of the lumbar spine with radiculopathy; degenerative disc disease of the cervical spine with foraminal stenosis and radiculopathy; carpal tunnel syndrome, bilateral ulnar neuropathy, and right-sided peroneal and tibial neuropathy; and major depressive disorder.

Tr. 26. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 27. Next, the ALJ determined that during the relevant period:

> [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that he could occasionally climb ramps and stairs, and never climb ladders, ropes or scaffolds. He could occasionally balance and stoop, and never kneel, crouch, or crawl. He could perform no overhead reaching with the left non-dominant upper extremity. He could occasionally reach in front and laterally with the non-dominant left upper extremity. He could frequently handle, finger, and feel bilaterally. He had to avoid all exposure to wetness, vibrations, and hazards such as dangerous machinery and unprotected heights. He was limited to the performance of simple, routine, repetitive tasks, and could make simple work-

related judgments and decisions. He could understand, remember, and carry out only short and simple instructions, and could have no more than occasional changes in a routine work setting. He could perform goal-oriented work, but not fast-paced work. He was limited to occasional interaction with co-workers, supervisors, and members of the general public.

Tr. 30. At step four, the ALJ determined that during the relevant period, Plaintiff was not capable of performing his past relevant work as a merchandise displayer. Tr. 39. At step five, the ALJ presented Plaintiff's RFC limitations, as well as his age, education, and work experience to a vocational expert ("VE"). Tr. 40. The VE testified that a hypothetical individual with a similar RFC would be able to perform the following representative occupations: marker, order caller, and routing clerk. Tr. 40–41. Because there was work in the national economy that Plaintiff could perform, the ALJ concluded that he was not disabled. Tr. 41.

## IV.  LEGAL ANALYSIS

Plaintiff argues that the Commissioner lacked authority to conduct a redetermination pursuant to 42 U.S.C. § 405(u) ("Section 405(u)") because once the ALJ concluded that there was no fraudulent evidence in Plaintiff's file, the redetermination should have ceased. ECF No. 13 at 19–20. The Commissioner responds, asserting that Plaintiff's argument is manifestly incorrect and based on nonexistent findings, and therefore, the Commissioner properly conducted the redetermination pursuant to Section 405(u). ECF No. 16 at 5–7. Because, contrary to Plaintiff's assertion, the ALJ determined that there was reason to believe that fraud or similar fault was involved in Plaintiff's application for benefits, remand is not warranted.

Res judicata principles generally apply to social security disability insurance benefits adjudications. *See, e.g., Sampson v. Califano*, 551 F.2d 881, 882 (1st Cir. 1977); *see also McCuin v. Sec'y of Health & Human Servs.*, 817 F.2d 161, 172 (1st Cir. 1987) (citing *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 421–22 (1966)) ("The Supreme Court

has held that the law of res judicata is applicable to administrative proceedings when an agency is acting in a judicial capacity."). However, courts do not "have free rein to impose rules of preclusion, as a matter of policy, when the interpretation of a statute is at hand," and there are circumstances under which it is appropriate for the Commissioner to revisit a prior decision. *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 108 (1991); *see also* 20 C.F.R. § 404.988 (setting conditions for reopening).

One of the circumstances where it is appropriate to revisit a prior decision relating to an application for disability benefits is prescribed by Section 405(u). "With [Section] 405(u), Congress manifested an intent to displace res judicata principles that might otherwise preclude revisiting prior decisions if there is reason to believe a claim involved fraud or similar fault." *Berríos-Ortiz v. Comm'r of Soc. Sec.*, No. CV 18-1455, 2019 WL 4599834, *4 (D.P.R. Sept. 23, 2019) (citations omitted); *see also Hicks v. Comm'r of Soc. Sec.*, 909 F.3d 786, 810–11 (6th Cir. 2018) (finding that section 405(u) overrides background principles of res judicata and authorizes reassessments of initial determinations if there is reason to believe that fraud was involved in an application).

Plaintiff cites heavily to this court's decision in *Berríos-Ortiz* to support his argument. In *Berríos-Ortiz*, the Commissioner initially found claimant to be disabled on May 31, 2013. *Berríos-Ortiz v. Commissioner of Social Security*, 2019 WL 4599834, *2; ECF No. 18-1455 (BJM). Even so, claimant's case was later remanded pursuant to Section 405(u) because a physician, who provided evidence to support claimant's disability application, was indicted for making false statements to support several claimants' disability benefits applications. *Id.* at *3.[1]

---

[1] The physician at issue eventually "pled guilty to a one-count information, admitting that he had failed to maintain a cash ledger of monies paid in connection with SSA medical visits without the intent to defraud the United States. The false statements charges against him were thereafter dismissed." *Id.*

8

On redetermination, it was concluded that the evidence in claimant's specific application was free of fraud or similar fault. *Id.* at *4. Despite that finding, however, the ALJ proceeded with the redetermination and concluded that claimant was not entitled to disability benefits. *Id.* On appeal, the court reversed the Commissioner's decision that claimant was not disabled, holding that the Commissioner cannot continue a redetermination "once the agency has no reason to believe fraud or similar fault was involved." *Id.* at *8.

Plaintiff claims that the instant action is analogous to *Berríos-Ortiz* because the ALJ determined twice that there was no fraud in his case:

> First, the Fraud Prevention Unit concluded that "there are no reasons to believe that fraud or similar fault was involved." (R. 209-210). Second, the ALJ wrote that she "does not find evidence of similar fault." (R. 21).

ECF No. 13 at 20. However, both assertions described by Plaintiff above are not supported by the record. Pages 209–210 of the record contain medical reports from Dr. Edelmiro Rodríguez, not documentation from a fraud prevention unit. *See* Tr. 209–210. Likewise, page 21 of the record, that is the first page of the ALJ's decision, makes no mention of lack of fraud or similar fault. *See* Tr. 21. Because the ALJ did not make a finding that there was no reason to believe that fraud or similar fault was involved, Plaintiff's reliance on *Berríos-Ortiz* is unfounded.

Moreover, contrary to Plaintiff's assertion, the ALJ did explicitly find that there was reason to believe that fraud or similar fault was involved, specifically regarding evidence submitted by Mr. Samuel Torres Crespo ("Mr. Torres"):

> In Mr. . . . Torres['s] . . . plea agreement, he admitted to fabricating Adult Disability Reports to indicate that individuals were significantly more limited than they actually were . . . . In this case, the Adult Disability Report located at Exhibit 3E was filled out by Mr. Torres . . . , and contains a description of symptoms and limitations that match those that he admitted to fabricating. *As such, I find there is reason to believe fraud or similar fault was involved in the provision of this evidence.* I have additionally disregarded Mr. Torres['s] . . . Appointment of

9

> Representative form and his Fee Agreement, as these were submitted by him during the relevant period in order to perpetuate his fraud scheme.

Tr. 23 (emphasis added). In addition to scrutinizing evidence submitted by Mr. Torres, the ALJ discussed evidence submitted by neurologist Mr. Hernández González ("Mr. Hernández"). Tr. 23. However, unlike the evidence submitted by Mr. Torres, the ALJ chose not to exclude Mr. Hernández's evidence:

> Mr. Hernández[ ] was a neurologist who worked with Mr. Torres . . . . In his plea agreement, he admitted to exaggerating medical complaints and symptoms, and referring patients to medical specialists when the patient's condition did not warrant a referral. In this case, Mr. Hernández[ ] interpreted an EMG examination, and provided a neurological report of the beneficiary's functioning in March of 2011. However, I note that although this evidence has all the hallmarks of fraudulent evidence set out in the indictment, I am erring on the side of giving the beneficiary every benefit of the doubt. As such, I am not excluding this evidence, but will evaluate it in light of the evidence as a whole.

Tr. 23. Because of the ALJ's decision to not exclude Mr. Hernández evidence, Plaintiff asserts that once the ALJ determined that Mr. Hernández's evidence was not fraudulent, there was no reason to continue the redetermination proceeding under Section 405(u). ECF No. 13 at 21. This argument cannot flourish because Section 405(u) authorizes the Commissioner to initiate redetermination proceedings once "there is reason to believe that fraud or similar fault was involved in the application of the individual for . . . benefits." § 405(u)(1)(A). Therefore, even though the ALJ decided not to exclude Mr. Hernández's evidence, the ALJ could continue the redetermination proceeding because she had already found that there was reason to believe that fraud or similar fault was involved relating to evidence submitted by Mr. Torres.

Finally, Plaintiff argues that even though Mr. Torres's evidence was excluded, the record was unchanged because the excluded evidence consisted of three non-medical documents, and therefore the Commissioner cannot disturb his prior determination that Plaintiff was disabled. ECF No. 13 at 20–21. However, Plaintiff's assertion is not entirely correct because one of the

documents, that is Mr. Torres's adult disability report, contains medical information such as Plaintiff's medical conditions, prescribed or non-prescribed medications, medical treatment, and clinical visits. Tr. 23, 1264–71. Therefore, the redetermination proceeding was lawfully conducted pursuant to Section 405(u), and as a result, there is no error to serve as a basis for remand or reversal.

V.     **CONCLUSION**

Based on the foregoing analysis, the court concludes that the decision of the Commissioner that Plaintiff was not entitled to disability benefits contains no legal error. Therefore, the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of March, 2024.

s/Marcos E. López  
U.S. Magistrate Judge
